# IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2013 MAR -5 PM 3: 24

CLERK OF COURT
BY:_____

| | |
|---|---|
| IN THE MATTER OF THE GUARDIANSHIP<br><br>OF<br><br>LUCY PEARL ULLOA,<br><br>AN ADULT. | SPECIAL PROCEEDINGS<br>CASE NO. SP 0168-05<br><br><br>DECISION AND ORDER<br>(Petition to Terminate Guardianship) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on December 5, 2012, for an Evidentiary Hearing on Lucy Pearl Ulloa's Petition to Terminate Guardianship. Attorney Curtis C. Van de veld represented Lucy Pearl Ulloa. Public Guardian Marcelene C. Santos, guardian of the Estate of Lucy P. Ulloa, was also present. Attorney Daniel J. Berman represented Priscilla Hartwick and Kenneth Thompson. Attorney Jacqueline T. Terlaje represented Vivian U. McCurdy. Following the hearing, the Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by the parties, the Court hereby issues this Decision and Order.

## BACKGROUND

A Petition for Guardianship of Person and Estate of Lucy P. Ulloa was filed on September 22, 2005 by Vivian W.U. McCurdy and Alvin J. Ulloa. Vivian W.U. McCurdy is the natural sister of Lucy P. Ulloa. Alvin J. Ulloa is the natural brother of Lucy P. Ulloa. The September 2005 Petition stated that Lucy P. Ulloa was born on November 7, 1918. "Ms. Ulloa has never married and is without children. Lucy P. Ulloa [sought] the appointment of her sister and brother as her guardians to assist her with her affairs due to her failing health and old age."

Pet. for Guardianship of Person & Estate of Lucy P. Ulloa at 1 (Sep. 22, 2005). The instant case was initially assigned to the Honorable Katherine A. Maraman[1]. On November 8, 2005, Dr. Olivia T. Cruz, long time physician of Lucy reported that "[s]ince September 2004 while in the mainland, patient has been suffering memory loss. When I saw her in April 2005 she did not even remember my name until I told her. She has memory loss especially recent events. I have not worked her up in details but she needs to have someone oversee her affairs or she may be taken advantage of." Letter from Olivia T. Cruz, M.D. to Court (Nov. 4, 2005) (on file with Court Nov. 8, 2005). Consequently, Petitioners Vivian McCurdy and Alvin J. Ulloa were appointed guardians of the person and estate of Lucy P. Ulloa on November 10, 2005.

On May 6, 2011, Priscilla Hartwick and Kenneth Thompson filed a Petition for Removal of Vivian W.U. McCurdy as Co-Guardian of the Estate of Lucy Pearl Ulloa. The Court issued its Decision and Order on September 27, 2011, appointing the Public Guardian as co-guardian of the Estate. "The Court [was] concerned Lucy's best interests may be harmed by any of her family members who have an interest in [such] loans which are adverse to the Estate. For [that] reason, the Court [found] that Lucy's family members [were] not able to faithfully serve as the guardian of her estate at this time." Dec. & Order at 4 (Sep. 27, 2011).

On August 30, 2012, Lucy P. Ulloa, through her counsel, Curtis C. Van de veld, filed a Verified Petition to Terminate Guardianship[2]. Petitioners Kenneth Thompson and Pricilla U. Harwick filed their opposition to Petition to Terminate and Joinder. The Public Guardian also filed a response to Petition to Terminate Guardianship on October 16, 2012. The Court heard the matter on December 5, 2012, and now issues this Decision and Order.

---

[1] The Honorable Katherine A. Maraman is now an associate justice of the Supreme Court of Guam.

[2] The caption heading was mislabeled as "Declaration of Curtis C. Van De Veld." Decl. of Curtis C. Van De Veld (Aug. 30, 2012).

SP0168-05: In the Matter of the Guardianship of Lucy P. Ulloa
Decision & Order: Petition to Terminate Guardianship

# DISCUSSION

Lucy P. Ulloa ("Petitioner), by and through her attorney Curtis C. Van de veld, petitions this Court to terminate the "voluntary guardianship by the Public Guardian over her estate." Decl. of Curtis Van de veld (Aug. 30 2012). Petitioner states that "[t]he guardianship over Lucy Ulloa's person was not addressed by the said 2011 Petition." *Id.* at 2. "Lucy Ulloa requests removal of the Public Guardian, pursuant to 15 GCA 4501(8), and termination of the Guardianship over her Estate." *Id.* "Should the court find that the appointment of the Public Guardian is not contrary to law, Lucy moves the court to terminate the guardianship under 15 GCA §4601(3)." *Id.* at 7

In her response, the Public Guardian states that "Mr. Van De Veld choses to reference from the 9/27/11 D&O only that 'Vivian McCurdy would remain co-guardian 'for so long as the Public Guardian recommends that her assistance is necessary.'" Public Guardian's Response to Petition to Terminate Guardianship at 5 (Oct. 16, 2012). "Mr. Van De Veld did not quote the basis of the appointment of the Public Guardian was because 'Lucy's family members are not able to faithfully serve as the guardian of her estate at this time' and that especially included Vivian." *Id.* The Public Guardian "defers to the Court to determine whether or not Dr. Supit's assessment of Lucy supports Mr. Van De Veld's assertion that 'Lucy is fully competent to manage or direct others on how to attend to her own Estate.'" *Id.* at 6. The Public Guardian goes on to argue that "Mr. Van De Veld makes the circular argument that in the event that the Court finds that the appointment of the Public Guardian is not contrary to law, then he asserts that Lucy is making that application for termination herself. Well if the appointment of the Public Guardian is not contrary to law, then there must be some basis to find Lucy incompetent, even if it is 'by reason of old age...[and being] deceived or

imposed upon by artful or designing persons." Id. at 9. "As such the Court cannot terminate the guardianship by the Public Guardian, only to abandon Lucy to the 'artful and designing persons' who are ready to hold an election of the directors of CEI by the shareholders even before the Supreme Court acts on the Petition for Rehearing filed on August 22, 2012, by Mr. Taitano on behalf of Vivian and Walter." *Id.*

Petitioners Kenneth Thompson and Priscilla U. Hartwick respectfully request that the Court deny the Petition signed and filed by Attorney Curtis Van de veld on August 30, 2012. "During [the] vigorous disputed August 2011 hearings, Vivian through her then previous counsel never suggested that Lucy had recovered and required no Guardian whatsoever. Stated another way, so long as Vivian could remain as Guardian of the Estate, then her position was clear that Lucy required a Guardian of the Estate." Petitioners Kenneth Thompson and Priscilla U. Hartwick also cite to Dr. Olivia T. Cruz's filed opinion in support of Guardian of the Estate stating: Lucy "needs to have someone oversee her affairs or she may be taken advantage of...."Opp'n of Petitioners Kenneth Thompson & Priscilla U. Hartwick to Pet. To Terminate & Joinder (Oct. 16, 2012). Petitioners Kenneth Thompson and Priscilla U. Hartwick also contend that the "easy prey for the designer test" is the standard to address the issue before the Court. Transcript JDAASCRA (12/5/12) at 3:09:38 p.m.

Vivian McCurdy did not file any briefs on this matter saying she is not contesting, however requested a citation hearing. Transcript JDAASCRA (12/5/12) at 3:13:30.

The Court recognizes that "[a] Guardian is a person appointed to take care of the person or property of another. The latter called the ward of the guardian. The relation of guardian and ward is confidential, and is subject to the provisions of law relating to trusts. In the management and disposition of the person or property committed to him, *a guardian may be*

SP0168-05: In the Matter of the Guardianship of Lucy P. Ulloa
Decision & Order: Petition to Terminate Guardianship

*regulated and controlled by the court.*" 15 GCA § 3501 (emphasis added). Generally, events which terminate guardianship are as follows:

1. The marriage of a minor ward terminates the guardianship, but not of his estate.
2. If the appointment of a guardian is made solely because of the ward's minority, the guardianship is terminated by his attaining majority.
3. In all other cases the guardianship is terminated only by order of the court upon application of the guardian or the ward, after such notice to the other as the court or judge may require.

15 GCA § 4601 (2005).

In the instant case, the Office of the Public Guardian was appointed co-guardian of the Estate of Lucy P. Ulloa. Among other things, "[t]he Public Guardian shall serve as guardian, limited guardian, testamentary guardian or temporary guardian of the person and/or estate of an elderly or mentally incapacitated individual when so appointed by the Family Court under Chapter 1 of Appendix C of Title 7 of the Guam Code Annotated. 7 GCA §31112(a)(1)(in relevant part). "The Public Guardian shall have the same powers and duties as a private guardian." 7 GCA §3112(a)(2). "The Public Guardian shall assist the Court, as the Court may request or direct, in proceedings for the appointment of a guardian of the person and in the supervision of persons, corporations or agencies which have been appointed as guardians of the person." 7 GCA §3112(a)(3). "The Public Guardian shall *not* be appointed *if* another suitable guardian is available and willing to accept the guardianship appointment, *unless* the Court finds that the **best interests of the ward** would be better served by the appointment of the Public Guardian."7 GCA § 3112(c)(emphasis added).

Given the nature of this case, the Court has previously found and expressed extreme concern that Lucy's family members [were] not able to faithfully serve as the guardian of her estate. Hence the Public Guardian was appointed noting that the best interests of Lucy would

SP0168-05: In the Matter of the Guardianship of Lucy P. Ulloa
Decision & Order: Petition to Terminate Guardianship

be better served. "Whatever the rule may have been at early common law, it now seems to be well settled that the courts may appoint a guardian, conservator, or committee to manage the property or estate of another, without a finding that the ward is generally or totally insane. Although a finding of general insanity will, naturally, usually support the appointment of such a guardian, it has, in fact, frequently been found that competence to manage property may very well be consistent with some degree of mental unsoundness or considerable eccentricity." 9 A.L.R. 3d 774 (1966). With the case at bar, the Court finds that the appointment of the Public Guardian is not contrary to law. Furthermore, the Court is given the power to appoint the Public Guardian in this matter pursuant to 15 GCA §3801.

> The Superior Court, to which application is made as hereinafter provided, may appoint a guardian for the person and estate or person or estate of an insane or an incompetent person. As used in this Division of this Title, the phrase *incompetent person, incompetent* or *mentally incompetent,* shall be construed to mean or refer to any person, whether insane or not, who by reason of old age, disease, weakness of mind or other cause is unable, unassisted, properly to manage and take care of himself or his property, and by reason thereof is likely to be deceived or imposed upon by artful or designing person."

15 GCA §3801.

For the reasons set forth above, the Court finds that Lucy is by reason of old age (94) unable, unassisted to properly manage and take care of property, and by reason thereof is likely to be deceived or imposed upon by artful or designing person.

///

///

///

///

///

///

///

SP0168-05: In the Matter of the Guardianship of Lucy P. Ulloa
Decision & Order: Petition to Terminate Guardianship

## CONCLUSION

This Court finds by preponderance of the evidence that there is sufficient basis to retain the appointment of the Public Guardian for the Estate of Lucy P. Ulloa. This finding is in her best interests and consistent with the Court's prior orders.

**SO ORDERED** this _5_ day of MARCH, 2013.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

MAR - 5 2013

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam

SP0168-05: In the Matter of the Guardianship of Lucy P. Ulloa
Decision & Order: Petition to Terminate Guardianship